## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN EDWARDS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SATCON TECHNOLOGY CORPORATION, CHARLES S. RHOADES and DONALD R. PECK,<br><br>Defendants. | Civil Action No.  1:11-cv-11270-DPW |
| LARRY ZIEGLER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SATCON TECHNOLOGY CORPORATION, CHARLES S. RHOADES and DONALD R. PECK,<br><br>Defendants. | Civil Action No.  1:11-cv-11286-DPW |

**MEMORANDUM IN SUPPORT OF THE BIERCE FAMILY'S MOTION TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

## PRELIMINARY STATEMENT

The Bierce Family,[1] a small, cohesive group of close family members, submits this Memorandum in support of its motion: (1) to consolidate, pursuant to Fed. R. Civ. P. 42, the related securities fraud class actions filed against Satcon Technology Corporation ("Satcon" or "Company") and other defendants (collectively, "Defendants") between March 4, 2010 and July 5, 2011, inclusive (the "Class Period")[2]; (2) to be appointed Lead Plaintiff in these Actions pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) for approval of its selection of the law firm of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel for the Class and Berman DeValerio as Liaison Counsel for the Class.

As described in the Consolidated Schedule of Transactions and Losses for the Bierce Family, attached as Exhibit B to the Declaration of Jeffrey C. Block ("Block Decl.") In Support Of The Motion Of The Bierce Family To Consolidate Related Actions; To Be Appointed Lead Plaintiff; And To Approve Proposed Lead Plaintiff's Choice Of Counsel, the Bierce Family, has suffered a loss of approximately $76,000 as a result of its purchases of shares of Satcon securities during the Class Period. To the best of its knowledge, the Bierce Family has sustained the largest loss of any adequate investor seeking to be appointed Lead Plaintiff in these Actions.

---

[1] The Bierce Family is comprised of Adam A. Bierce, Carol H. Pierce, and Daniel A. Bierce.

[2] The related securities fraud class actions in this Court include the following two cases: *Edwards v. Satcon Tech. Corp., et al.,* No. 1:11-cv-11270 (D. Mass.; filed on July 19, 2011) ("*Edwards* Action"); *Ziegler v. Satcon Tech. Corp., et al.,* No. 1:11-cv-11286 (D. Mass.; filed on July 21, 2011) ("*Ziegler* Action") (collectively, the "Action(s)").

In addition to evidencing the largest financial interest in the outcome of this litigation, the Bierce Family's certifications demonstrate their intent to serve as Lead Plaintiff in this litigation, including their cognizance of their duties of serving in that role.  *See* Block Decl., Exhibit A, at ¶¶3-6.[3] The Bierce Family fully understands its duties and responsibilities to the proposed class (the "Class"), and is willing and able to oversee the vigorous prosecution of these Actions.  The Bierce Family is thus presumptively the "most adequate plaintiff."

## PROCEDURAL BACKGROUND

Two related cases alleging substantially identical claims for nearly identical classes of purchasers of Satcon securities are pending in this Court.  The first of these Actions, the *Edwards* Action, was filed on July 19, 2011.  Thereafter, the *Ziegler* Action was filed in this Court alleging the same or similar claims.

Pursuant to 15 U.S.C. §78u-4(a)(3)A)(i), on July 19, 2011, the notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (September 19, 2011).  *See* Block Decl., Exhibit C.

Each member of the Bierce Family is a member of the Class (*see* Block Decl., Exhibit A), and the Bierce Family has timely moved within the 60 day period following publication of the July 19, 2011 notice as required for appointment as Lead Plaintiff under the PSLRA.

---

[3] The PSLRA authorizes any member or group of members of the putative Class seeking to be appointed lead plaintiff to either file a complaint or move for appointment as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Copies of the Bierce Family's Certifications reflecting their transactions in Satcon during the Class Period are attached as Exhibit A to the Block Declaration.

## STATEMENT OF FACTS

Satcon describes itself as a "leading provider of utility-grade power conversion solutions for the renewable energy market, enabling the industry's most advanced, reliable, and proven clean energy alternatives." For more than ten years, Satcon has designed and delivered advanced power conversion products that enable large-scale producers of renewable energy to convert the clean energy they produce into grid-connected efficient and reliable power.

During the Class Period, Defendants issued materially false and misleading statements regarding the Company's financials and business prospects. Specifically, the Company misrepresented and/or failed to disclose the following adverse facts: (a) that the Company was experiencing a decrease in sales of its inverter systems; (b) that the Company's European market was performing below internal expectations due to changes in government incentives for solar energy; (c) that the Company failed to properly account for its inventory; and (d) as a result of the foregoing, Defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On February 22, 2011, the Company announced its financial results for the fourth quarter and year end of 2010. With regard to the Company's outlook for the first quarter of 2011, Defendants stated that they expected "revenues to be in the range of $65 to $70 million with our gross margin between 25% to 27%." In reaction to this announcement, the price of Satcon stock fell $1.29 per share, or 27%, to close at $3.54 per share, on heavy trading volume. On April 7, 2011, the Company announced its preliminary financial results for the first quarter of 2011. For the quarter, the Company revised its guidance and stated that revenue would be between $61 million and $63 million and gross margins would be within a range of 23% to 25%. In reaction

to this announcement, the price of the Company's stock fell $0.23 per share, or 7%, to close at $3.29 per share.

On April 27, 2011, the Company announced its financial results for the first quarter of 2011, the period ended March 31, 2011, and its guidance for the second quarter. With regard to the guidance, Defendants stated that they expected "revenue to be in the range of $50 to $60 million." Then on July 5, 2011, the Company announced preliminary financial results for the second quarter of 2011. For the quarter, the Company expected revenue to be between $45 million and $47 million due to "changes in government incentives in the company's higher margin markets in Europe as well as delays on a few projects that have been pushed into the third quarter." Moreover, the Company announced that its gross margin estimate would be "between 7% and 11%, below the company's previously announced guidance of 17% to 20%" due to the "lower revenue range, and the effects of the slowdown in the European market." Lastly, the Company announced that it was reducing its workforce by 15%. In reaction to these announcements, the price of the Company stock fell $0.59 per share, or 23%, to close at $1.95 per share, on heavy trading volume.

As a result of the Defendants' false statements and omissions, Satcon's securities traded at inflated levels during the Class Period. After the above revelations entered into the market, the Company's shares were hammered by massive sales, sending them down over 60% from their Class Period high, and causing damages to the Bierce Family and the Class.

## ARGUMENT

## I.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (*see* FED. R.

C<small>IV</small>.P. 42(a)) and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(iii) of the Exchange Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered. . . .

*See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

The related Actions are suited for consolidation. The class action complaints are all brought by purchasers of Satcon securities against the same Defendants. The complaints contain similar allegations charging Defendants with making false and misleading statements, and omitting material information concerning the Company's business and financial results during the Class Period. While district courts have significant discretion in determining the propriety of consolidation, they have recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and/or reports. *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y.2006) (citation omitted); *see also Leech v. Brooks Automation, Inc.*, No. 06-11068, 2006 U.S. Dist. LEXIS 90153, at *13 (D. Mass. Dec. 13, 2006); *In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001).  Differences between particular defendants, damages, and/or class periods do *not* defeat the appropriateness of consolidation for federal securities cases based upon the same underlying facts. *See Malasky v. IAC/InteractiveCorp*, No. 04-7447, 2004 U.S. Dist. LEXIS 25832, at *6 (S.D.N.Y. Dec. 21, 2004). Therefore, this Court should consolidate the related Actions.

## II.      THE BIERCE FAMILY SHOULD BE APPOINTED LEAD PLAINTIFF

### A.      The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a strict, detailed procedure for the selection of Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. §78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Edwards* Action published such a notice on *Business Wire* on July 19, 2011. *See* Block Decl., Exhibit C.[4] The notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be September 19, 2011. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa)  has either filed the complaint or made a motion in response to a notice…

---

[4] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004).

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

## B.    The Bierce Family Is "The Most Adequate Plaintiff"

### 1.    The Bierce Family Has Complied With The PSLRA And Should Be Appointed Lead Plaintiff

The Bierce Family moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on July 19, 2011.  Accordingly, the Bierce Family meets the requirements of 15 U.S.C. § 78u-4(a)(3)(A) and (B) and has filed its motion on or before September 19, 2011.

Further, the members of the Bierce Family have shown their willingness to represent the Class by signing sworn Certifications detailing their investments in Satcon securities during the Class Period and confirming their willingness to discharge the obligations of class representatives in these Actions.  *See* Block Decl., Exhibits A and C.  The Bierce Family is made up of a small, cohesive group of close family members and will be able to function collectively and effectively.   Thus, the Bierce Family exhibits the exact cohesiveness, pre-existing relationship and ability to communicate easily to control the litigation that Courts favor when making lead plaintiff determinations.   Small cohesive groups like the Bierce Family have routinely been appointed as Lead Plaintiff in securities class actions.  *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); *see also Schulman v. Lumenis, Ltd.*, No. 02-1989, 2003 U.S. Dist. LEXIS 10348, at *21-*22 (S.D.N.Y. June 18, 2003); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214,

217 (D.D.C. 1999); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44-46 (S.D.N.Y. 1998) (allowing three lead plaintiffs and holding that "the plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff").  As such, the Court should appoint the Bierce Family as Lead Plaintiff in these Actions.

C.    **The Bierce Family Has the Largest Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant who has the largest financial interest in the relief sought by the action.  *See In re Tyco Int'l, Ltd. Sec. Litig.*, No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390, at *19-*20 (D.N.H. Aug. 17, 2000).  As demonstrated herein, the Bierce Family, with losses of approximately $76,000, has the largest known financial interest in the relief sought by the Class.  *See* Block Decl., Exhibit C.  *See also State Univs. Ret. Sys. of Ill. v. Sonus Networks, Inc.*, No. 06-1004, 2006 U.S. Dist. LEXIS 93328, *5-*6 (D. Mass. Dec. 27, 2006) (addressing the largest financial interest factor).

D.    **The Bierce Family Satisfies The Requirements Of Rule 23**

The PSLRA further provides that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion for appointment as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see*

*also State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*, No. 06-10040, 2006 U.S. Dist. LEXIS 93328, at *7-*8 (D. Mass. Dec. 27, 2006).   As detailed below, the Bierce Family satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.   The Bierce Family has claims that are typical of those of other Class members and can adequately serve as Lead Plaintiff.

> ### i.   The Bierce Family's Claims Are Typical Of The Claims of All The Class Member

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class."   The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members or when the claims are based on the same legal theory.   *See In re Organogenesis Sec. Litig.*, 241 F.R.D. 397, 400-01 (D. Mass 2007); *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 264 (D. Mass. 2005). The requirement that a proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical.   *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001).

In this case, the typicality requirement is met because the claims of the Bierce Family are identical to, and non-competing and non-conflicting with, the claims of the other Class members. The Bierce Family purchased Satcon securities during the Class Period when the stock price was artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both the Bierce Family and the other Class members suffered damages as a result of these purchases.   Therefore, the Bierce Family's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise."   *Oxford Health*, 182 F.R.D. at 50. The Bierce Family is *not* subject to any unique or special defenses.   Thus, the Bierce Family

meets the typicality requirement of Rule 23 because its claims are the same as the claims of the other Class members.  *See Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 264 (D. Mass. 2005) ("To summarize, the typicality analysis is a functional one addressed primarily to the question of whether the putative class representative can fairly and adequately pursue the interests of the absent class members without being sidetracked by her own particular concerns.").

### ii.       The Bierce Family Will Adequately Represent The Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of the movant and other members of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B).

The Bierce Family's interests are clearly aligned to those of the other members of the Class.  Not only is there no evidence of antagonism between the Bierce Family and other Class members, but the Bierce Family has a significant, compelling interest in prosecuting these Actions to a successful conclusion based upon its significant financial loss, suffered as a result of the wrongful conduct alleged in the Actions.  This motivation, combined with the Bierce Family's aligned interests with the members of the Class, demonstrates that the Bierce Family will vigorously pursue the interests of the Class.  In addition, the Bierce Family has selected law firms to represent it and the Class that are highly experienced in prosecuting securities class actions.

In sum, because of the Bierce Family's common interests with the Class members, its clear motivation and ability to vigorously pursue the Actions, and its selection of competent

counsel, the adequacy requirement of Rule 23 is met.  Since the Bierce Family meets the typicality and adequacy requirements of Rule 23(a) and has sustained the largest amount of losses from Defendants' alleged wrongdoing, the Bierce Family is the presumptive Lead Plaintiff in accordance with 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and its should be appointed as such to lead these Actions.

## III.   THE COURT SHOULD APPROVE THE BIERCE FAMILY'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to court approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class."  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Bierce Family has selected Brower Piven and Berman DeValerio to serve as Lead Counsel and Liaison Counsel, respectively, for the Class.  The firms have not only prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions as lead and/or class counsel.  *See* Block Decl., Exhibits D and E.  This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the Bierce Family respectfully requests that the Court enter an Order: (1) consolidating the related Actions; (2) appointing the Bierce Family as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act; (3) approving the Bierce Family's selection of Lead Counsel and Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: September 19, 2011                    Respectfully submitted,

                                            **BERMAN DEVALERIO**

                                            */s/ Jeffrey C. Block*
                                            Jeffrey C. Block (BBO #600747)
                                            Leslie R. Stern (BBO #631201)
                                            Jason M. Leviton (BBO # 678331)
                                            One Liberty Square
                                            Boston, MA 02109
                                            Telephone: (617) 542-8300
                                            Fax: (617) 542-1194
                                            Email: jblock@bermandevalerio.com
                                            Email: lstern@bermandevalerio.com
                                            Email: jleviton@bermandevalerio.com

                                            *Counsel for the Bierce Family and Proposed*
                                            *Liaison Counsel for the Class*

                                            **BROWER PIVEN**
                                              A Professional Corporation
                                            Charles Piven
                                            1925 Old Valley Road
                                            Stevenson, Maryland  21153
                                            Telephone: 410-332-0030
                                            Facsimile: 410-685-1300
                                            Email: piven@browerpiven.com

                                            *Counsel for the Bierce Family and Proposed*
                                            *Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

        I, Jeffrey C. Block, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 19, 2011.

Dated: September 19, 2011                    */s/ Jeffrey C. Block*
                                            Jeffrey C. Block