UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN EDWARDS, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>SATCON TECHNOLOGY CORPORATION, et al.,<br><br>      Defendants. | No. 1:11-cv-11270<br><br><u>CLASS ACTION</u> |
| LARRY ZIEGLER, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>SATCON TECHNOLOGY CORPORATION, et al.,<br><br>      Defendants. | No. 1:11-cv-11286<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

651901_1

The Government of Bermuda Contributory Pension and Public Service Superannuation Bermuda ("Bermuda") respectfully submits this memorandum of law in support of Bermuda's motion for an order: (1) consolidating the two above-captioned related class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing Bermuda as lead plaintiff in the consolidated actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq*.; and (3) approving Bermuda's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class and Shapiro Haber & Urmy LLP ("Shapiro Haber") as liaison counsel for the class.

## I.  INTRODUCTION

Presently pending in this District are two related securities class action lawsuits (the "Related Actions") brought on behalf of all purchasers of Satcon Technology Corporation ("Satcon" or the "Company") common stock between March 4, 2010 and July 5, 2011, inclusive (the "Class Period") against the Company and certain of its officers and directors for violations of federal securities laws:

| **Case** | **Filed** |
|---|---|
| *Edwards v. Satcon Tech. Corp., et al.*, No. 1:11-cv-11270-DPW | July 19, 2011 |
| *Ziegler v. Satcon Tech. Corp., et al.*, No. 1:11-cv-11286-DPW | July 21, 2011 |

The PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff in securities cases such as this. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); §III.A. *infra*.

As soon as practicable after its decision on consolidation, the PSLRA also requires the Court to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class

members." 15 U.S.C. §78u-4(a)(3)(B)(i). Bermuda should be appointed lead plaintiff because it: (1) timely filed its motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Bermuda's selection of Robbins Geller as lead counsel and Shapiro Haber as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Satcon provides a suite of utility-grade power conversion solutions and services for commercial and utility scale renewable energy installations and distributed energy markets in the United States and internationally.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business practices and financial results. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (a) that the Company was experiencing a decrease in sales of its inverter systems; (b) that the Company's European market was performing below internal expectations due to changes in government incentives for solar energy; (c) that the Company failed to properly account for its inventory; and (d) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On February 22, 2011, Satcon announced its financial results for the fourth quarter and year end of 2010. With regard to the Company's outlook for the first quarter of 2011, defendants stated that they expected "revenues to be in the range of $65 to $70 million with our gross margin between 25% to 27%." In reaction to the announcement, the price of Satcon stock fell $1.29 per share, or 27%, to close at $3.54 per share, on heavy trading volume. On April 7, 2011, Satcon announced its

preliminary financial results for the first quarter of 2011. For the quarter, the Company revised its guidance and stated that revenue would be between $61 million and $63 million and gross margins would be within a range of 23% to 25%. In reaction to this announcement, the price of Satcon stock fell $0.23 per share, or 7%, to close at $3.29 per share.

On April 27, 2011, Satcon announced its financial results for the first quarter of 2011, the period ended March 31, 2011, and its guidance for the second quarter. With regard to the guidance, defendants stated that they expected "revenue to be in the range of $50 to $60 million." Then on July 5, 2011, the Company announced preliminary financial results for the second quarter of 2011. For the quarter, the Company expected revenue to be between $45 million and $47 million due to "changes in government incentives in the company's higher margin markets in Europe as well as delays on a few projects that have been pushed into the third quarter." Moreover, the Company announced that its gross margin estimate would be "between 7% and 11%, below the company's previously announced guidance of 17% to 20%" due to the "lower revenue range, and the effects of the slowdown in the European market. Lastly, the Company announced that it was reducing its workforce by 15%. In reaction to these announcements, the price of Satcon stock fell $0.59 per share, or 23%, to close at $1.95 per share, on heavy trading volume.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

When "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Here, the Related Actions allege claims on behalf of purchasers of Satcon commons stock for violations of the Securities Exchange Act of 1934 (the "Exchange Act") during the Class Period. The defendants, Class Periods, factual allegations, and

claims are nearly identical. As such, consolidating these cases for all purposes will be the most efficient solution for the Court, and will ease the litigation burden on all parties involved.

### B. Bermuda Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than twenty days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Bermuda meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. Bermuda's Motion Is Timely

The July 19, 2011, notice published in this action advised class members of the pendency of the action, the alleged claims, the Class Period, and the option of moving the Court to be appointed as lead plaintiff within 60 days of July 19, or September 17, 2011. *See* Declaration of Adam M. Stewart in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Stewart Decl."), Ex. A. September 17, 2011 was a Saturday. As such, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday,"

is Monday, September 19, 2011, and this Motion is therefore timely filed and Bermuda is entitled to be considered for appointment as lead plaintiff.

### 2. Bermuda Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Bermuda purchased more than 83,000 shares and suffered approximately $169,000 in losses as a result of defendants' alleged misconduct. *See* Stewart Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Bermuda satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Bermuda Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Leech v. Brooks Automation, Inc.*, No. 06-11068-RWZ, 2006 U.S. Dist. LEXIS 90153, at *12 (D. Mass. Dec. 13, 2006) (focusing on the typicality and adequacy prongs at the lead plaintiff stage). Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). "In determining whether plaintiff meets the 'typicality' requirement of Rule 23, courts consider 'whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will

5

perforce be based.'" *Leech*, 2006 U.S. Dist. LEXIS 90153, at *8 (citation omitted). "Whether plaintiff meets the 'adequacy' requirement of Rule 23 depends on a determination that plaintiff 'has the ability and incentive to represent the claims of the class vigorously, [that it] has obtained adequate counsel, and [that] there is [no] conflict between [plaintiff's] claims and those asserted on behalf of the class.'" *Id.* (citation omitted). Bermuda satisfies these requirements at this stage of the litigation.

Bermuda has submitted a sworn certification confirming its willingness, desire and ability to serve as lead plaintiff. *See* Stewart Decl., Ex. B. Like all class members, Bermuda purchased Satcon securities during the Class Period at allegedly inflated prices and suffered damages as a result of defendants' alleged misconduct. *See* Stewart Decl., Ex. C. Bermuda's significant $169,000 loss further indicates its incentive to represent the claims of the class vigorously. *Id.* Moreover, Bermuda is not subject to unique defenses and is not aware of any conflicts between its claims and those asserted by the class. Finally, as discussed below, Bermuda selected qualified counsel experienced in securities litigation.

Bermuda's common interests shared with the class, significant losses suffered and selection of qualified counsel demonstrate its satisfaction of the Rule 23 requirements at this stage.

### C. The Court Should Approve Bermuda's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). "'Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class.'" *Leech*, 2006 U.S. Dist. LEXIS 90153, at *12 (citation omitted); 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Bermuda selected Robbins Geller as lead counsel and Shapiro Haber as liaison counsel in this case. *See* Stewart Decl., Exs. D, E.

Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. Stewart Decl., Ex. E. District courts throughout the country have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (Carney, J.) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). Similarly, Shapiro Haber has extensive experience in the prosecution of shareholder and securities class actions. *See* Stewart Decl., Ex. D.

As such, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Shapiro Haber. Accordingly, Bermuda's selection of counsel should be approved.

## IV. CONCLUSION

The two Related Actions raise similar questions of law and fact and should be consolidated. In addition, Bermuda has satisfied each of the PSLRA's requirements for appointment as lead plaintiff and respectfully requests that the Court appoint Bermuda as Lead Plaintiff, approve its

selection of lead and liaison counsel, and grant such other relief as the Court may deem just and proper.

Dated:  September 19, 2011                    Respectfully submitted,

>  **/s/ Adam M. Stewart_____**
>  Thomas G. Shapiro (BBO#454680)
>  Adam M. Stewart (BBO # 661090)
>  **SHAPIRO HABER & URMY LLP**
>  53 State Street
>  Boston, MA  02109
>  (617) 439-3939 – Telephone
>  (617) 439-0134 – Facsimile
>  tshapiro@shulaw.com
>  astewart@shulaw.com
>
>  *Proposed Liaison Counsel*
>
>  ROBBINS GELLER RUDMAN
>     & DOWD LLP
>  SAMUEL H. RUDMAN
>  MARIO ALBA JR.
>  58 South Service Road, Suite 200
>  Melville, NY  11747
>  Telephone:  631/367-7100
>  631/367-1173 (fax)
>
>  ROBBINS GELLER RUDMAN
>     & DOWD LLP
>  DARREN J. ROBBINS
>  BRIAN O'MARA
>  655 West Broadway, Suite 1900
>  San Diego, CA  92101
>  Telephone:  619/231-1058
>  619/231-7423 (fax)
>
>  *[Proposed] Lead Counsel*

## Certificate of Service

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 19, 2011.

                                              **/s/ Adam M. Stewart**
                                              Adam M. Stewart